**DISTRICT OF COLUMBIA ex rel. W.J.D., Appellant,**

v.

**E. McB., Appellee.**

No. 87-1137.

District of Columbia Court of Appeals.

Submitted Dec. 14, 1988.

Decided April 19, 1989.

Frederick D. Cooke, Jr., Corp. Counsel, with whom Charles L. Reischel, Deputy Corp. Counsel, and Susan S. McDonald, Washington, D.C., Asst. Corp. Counsel, were on the brief for appellant.

Patrick J. Christmas, Chevy Chase, Md., entered an appearance for appellee.

Before MACK and BELSON, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

This is a case that already has been before this court on one occasion. *District of Columbia ex rel. W.J.D. v. E.M. (W.J.D. I)*, 467 A.2d 457 (D.C.1983) (statutory limitations period on paternity actions unconstitutional). The present appeal is from the dismissal of an action to determine paternity. After the trial court ordered human leukocyte antigen (HLA) testing on its own motion, it sustained the putative father's objection and excluded the results of the test; the court then dismissed the case on the ground that the District had failed to carry its burden of establishing paternity.

Prior to trial, counsel for the District of Columbia had contacted the putative father to request HLA testing, but met with resistance. Through counsel, the putative father indicated that he would oppose all motions for testing. Beginning in January 1986, the District, on behalf of W.J.D., moved repeatedly but unsuccessfully for the court to order HLA testing. In this connection, we have observed that "[i]n the great majority of contested paternity suits, a trial court exercising reasonable discretion would ordinarily grant a party's request for testing over the objection of the non-moving party." *S.A. v. M.A.*, 531 A.2d 1246, 1256 (D.C.1987). It is not, however, the trial court's denial of the District's motions that we review here. Rather, it is the trial court's refusal to admit the test results into evidence.

At the trial on February 11, 1985, the court denied as untimely appellant's renewed motion for testing, citing the lengthy delays in the case to date. However, upon hearing testimony from the mother and the putative father at the trial of the case, the court found the evidence was in equipoise and, on its own motion, ordered testing. The date for the continuation of the trial was set at March 20, 1985, thirty-seven days later.

D.C.Code § 16–2343.1(b)(1) (1988 Supp.) provides that a party wishing to dispute the results of HLA and other paternity tests must file specific objections in writing within forty-five days of the time the court mails those results to the party. In addition, "[t]he court shall not accept objections made less than 5 days prior to the date of trial." § 16–2343.1(b)(2). In this case, as the trial court pointed out, the putative father had objected thirty-seven days prior to trial to a motion by appellant for the court to order HLA testing. However, the putative father's objection to the results of the court-ordered test was not made until the day of trial, when the District sought to introduce the results. Due to the unfortunate choice of the date on which to continue the trial, the parties and the court did not have sufficient time to comply with the technical requirements of the statute regarding objections to the admission of test results. The test results arrived at the courthouse on the day the hearing was resumed. Accordingly, it was impossible for the court to mail the results to the parties and await any written objections for forty-five days as provided in subsection (b)(1), and equally impossible for the respondent to object at least five days before trial.

The admissibility of HLA test results on the issue of paternity has long been acknowledged by this court. *Cutchember v. Payne*, 466 A.2d 1240, 1242 (D.C.1983). Furthermore, this court has stated "it is highly desirable that the court have before it the results of such a test." *District of Columbia v. J.R.M.*, 521 A.2d 1152, 1155 (D.C.1987). D.C.Code § 16–2343.2 (1981) authorizes the trial court to use its contempt power to cause reluctant parties to submit to testing and, as a sanction for refusal to be tested, the court may enter a default judgment against a putative father who has unreasonably refused to take an HLA test. *J.R.M., supra*, 521 A.2d at 1155, 1156. *See also* Super.Ct.Dom.Rel.R. 405(e).

On the morning that the trial resumed, the Assistant Corporation Counsel representing the District of Columbia informed the court that although the HLA report was en route to the courthouse by express delivery service, it had not yet arrived. The court thereupon instructed the District to make hourly progress reports on efforts to locate the results. At 3:30 p.m., when the Assistant Corporation Counsel notified the court that she had the HLA results and was offering them into evidence, the putative father objected to admitting the results, citing the lack of a chain of custody and appellant's failure to obey the court's prior admonition to "have your expert witnesses available." The court sustained appellee's objection without discussion.

■ The putative father's objection based on the absence of a chain of custody of the test report was meritless. By statute, "[c]ertified documentation of the chain of custody of the test specimens is competent evidence to establish the chain of custody." § 16–2343.1(a)(2). Although the District's expert witnesses were not available to testify at the continued trial, the District possessed such documentation in the form of the report itself.

■ Turning to the argument that the unavailability of appellant's expert witnesses was a violation of the court's prior admonition to "have your witnesses available," we observe that counsel for the District of Columbia had neither seen the test report nor been informed of its results until after the continued trial had begun. The putative father, understandably, had not made known his reactions to the test results. As a result, the District of Columbia did not have experts available. Indeed, it may not have needed experts. In view of the timing irregularities and the lack of written objection from the putative father,

the District's failure to have expert witnesses available was not a proper basis for excluding the test results that were available to the trial court. As the District pointed out in its brief, in view of the fact that sixteen years had elapsed since the occurrence of the relevant events, a further delay of forty-five days to comply with the statute, if the defense needed that much time, would not have been unduly prejudicial to either party.

In denying the District's motion for reconsideration or new trial, the trial court found that appellee had fulfilled the statutory timing requirements by objecting to testing thirty-seven days prior to trial. The court also found at that time that the District had not sought HLA testing until the morning of the February 11 trial. Both findings are erroneous. Appellee's earlier objection was not to the introduction of test results but rather was an opposition to the District's motion for the court to order testing. In addition, as mentioned above, the District first sought HLA testing in January. The District also filed a written motion for testing on February 3, 1985.

Concluding that the trial court abused its discretion in granting appellee's motion and dismissing the case, we reverse and remand so that appellee may submit written objections to the HLA test results in conformity with the statute, and, if appropriate, a further hearing can be held. Unless appellee's objections are substantial, the trial court should admit the results of the HLA test. This court has noted that HLA testing "is a more reliable basis for adjudication than the putative father's own assertions, since the test requires no confidence in the parties' memories or assumptions about their past fidelity to one another." *District of Columbia v. J.R.M., supra,* 521 A.2d at 1154. In this case, where the relevant events occurred over sixteen years ago and the parties offered contradictory testimony, the HLA results are particularly important. Even after sixteen years, the District has an interest in protecting the welfare of the child in question and reducing the burden on the public assistance system. *W.J.D. I, supra,* 467 A.2d at 465.

Under the circumstances, we direct that the matter be expedited.

*Reversed and remanded for further proceedings consistent with this opinion.*